# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

BERRY MORROW,
ADC #143825                                                                                    PLAINTIFF

V.                              5:13CV00135 BSM/JTR

WILLIAM STRAUGHN, Warden,
Maximum Security Unit, ADC, et al.                                              DEFENDANTS

## ORDER

Plaintiff, Berry Morrow, has filed this *pro se* § 1983 action alleging that, while he has been in punitive segregation at the Tucker Maximum Security Unit ("MSU"), Defendants have violated his constitutional right to access the courts by: (1) limiting his access to the prison library; and (2) restricting his possession of legal publications and materials in his cell.[1] Plaintiff has recently filed three non-dispostive Motions, which the Court will address separately.

### I. Motion to Compel

Plaintiff has filed a Motion asking the Court to compel Defendants to further respond to Request for Production 1 seeking: "An Exhaustive Index of Dept. Of Correction (ADC) Policy and procedures including Administrative Regulations,

---

[1] According to Plaintiff, he is "virtually permanently assigned to punitive segregation." *Doc. 2 at 5*. He, however, has not explained when he began that confinement or when it is expected to end.

Directives, Memoranda, Post Rules, SOP's, and other written instructions or guidelines." *Doc. 25, Ex. A*. Defendants objected to that discovery request as being over broad and seeking irrelevant information. The Court agrees that the discovery request, as written, is overly broad and should be limited to ADC policies, procedures, regulations, and other documents governing: (1) the access rights of MSU prisoners in punitive segregation to the prison library; and (2) the legal materials an MSU prisoner is allowed to possess while in punitive segregation. Thus, Defendants must, **within fourteen days of the entry of this Order**, provide Plaintiff with the above-described documents, *but only to the extent that they have not already been produced to Plaintiff.*[2]

If Defendants object to providing Plaintiff with any of those documents, they must file, **within fourteen days of the entry of this Order**, a *sealed* Supplemental Response containing a copy of any such documents and an explanation of why they should not be required to provide those documents to Plaintiff. Thus, the Motion to Compel is granted, as specified herein.

## II. Motion for Appointment of Counsel

Plaintiff has filed a Motion for Appointment of Counsel. *Doc. 24*. A *pro se*

---

[2] For instance, Plaintiff already has a copy of ADC Administrative Directive 12-24 on Punitive Segregation/Restrictions. *Doc. 2, Ex. A.* Additionally, Defendants have provided him with a copy of ADC Administrative Directive 09-51 on Library Services. *Doc. 25.*

litigant does not have a statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Phillips*, 437 F.3d at 794.

Plaintiff's claims are not legally or factually complex. Furthermore, it appears from the record that he is capable of presenting his claims without the benefit of appointed counsel. Under these circumstances, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel at this time.

### III.  Motion for an Extension of Time

Plaintiff has filed a Motion seeking an extension of the December 10, 2013 discovery deadline. *Doc. 26.* The Court finds good cause for granting that request.

### IV.  Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Compel (Doc. 21) is GRANTED IN PART.

2. Defendants must comply with the instructions in this Order **on or before January 21, 2014.**

3. Plaintiff's Motion for Appointment of Counsel (Doc. 24) is DENIED.

4. Plaintiff's Motion for an Extension of Time (Doc. 26) is GRANTED. The discovery deadline is extended until **February 6, 2014,** and the dispositive motion deadline is extended until **March 6, 2014.**

Dated this 8th day of January, 2014.

_____
UNITED STATES MAGISTRATE JUDGE