**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BERRY MORROW,
ADC #143825                                                                                                    PLAINTIFF

V.                                          5:13CV00135 BSM/JTR

WILLIAM STRAUGHN, Warden,
Maximum Security Unit, ADC, et al.                                                          DEFENDANTS

## ORDER

Plaintiff, Berry Morrow, has filed this *pro se* § 1983 action alleging that, while he has been in punitive segregation at the Tucker Maximum Security Unit ("MSU"), Defendants have violated his constitutional right to access the courts by: (1) limiting his access to the prison library; and (2) restricting his possession of legal publications and materials in his cell.  Plaintiff has recently filed several non-dispostive Motions, which the Court will address separately.

### I.  Motion to Compel and for an Extension of Time

Plaintiff has filed a Motion asking the Court to compel Defendants to further respond to his February 3, 2014 Requests for Production of Documents.  *Doc. 37.* In those eight discovery requests, Plaintiff asked Defendants to produce any documents they have that further define words or phrases that are used in previously produced ADC policies and directives.  *Id., Ex. B.*  Defendants correctly objected to

those discovery requests because: (1) the terms and phrases are defined in the previously produced policies; and/or (2) the ADC does not have any further documents that are responsive to those requests. *Id.; Doc. 41.* Thus, Plaintiff's Motion to Compel is denied.

Plaintiff also seeks an extension of time to conduct further "follow-up" discovery on any documents the Court requires Defendants to produce in response to his Motion to Compel. Because the Court has denied the Motion to Compel, Plaintiff's request for an extension is moot. Additionally, the Court has previously granted Plaintiff two extensions of time to complete discovery, and he has failed to provide a sufficient reason for further extending discovery. *Docs. 29 & 34.* Thus, the Motion for an Extension of Time is denied.

## II. Motion for Copy of his Deposition

Plaintiff, who is proceeding *in forma pauperis,* has filed a Motion seeking a copy of his February 20, 2014 deposition. *Doc. 38.* At this stage in the proceedings, Defendants are not obligated to provide Plaintiff with a copy of his deposition.[1] *See* Fed. R. Civ. P. 30(b)(3)(A) and (f)(3) (the party who scheduled the deposition must pay the costs for the stenographer's services, but each party must obtain their own

---

[1] Plaintiff may purchase a copy of his deposition from the court reporter at the address provided by Defendants.

copies of the deposition from the court reporter).  Similarly, the *in forma pauperis* statute does not provide for the payment of discovery costs.  *See* 28 U.S.C. § 1915(f); *Lewis v. Precision Optics, Inc.*, 612 F.2d 1074 (8th Cir. 1980).

However, if Defendants attach any portion of Plaintiff's deposition to any future motions they file, the Court will require Defendants to provide Plaintiff with a *complete* copy of his deposition so that he can have the opportunity to attach other portions of his deposition to his response to the motions.  Thus, at this stage in the proceeding, the Motion is denied.

### III. Conclusion

IT IS THEREFORE ORDERED THAT:

1. Plaintiff's Motion to Compel (*Doc. 37)* is DENIED.

2. At this stage in the proceeding, Plaintiff's Motion for a Copy of his Deposition (*Doc. 38*) is DENIED.

Dated this 9th day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE