**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

BERRY MORROW,
ADC #143825                                                                                              PLAINTIFF

V.                                    5:13CV00135 BSM/JTR

WILLIAM STRAUGHN, Warden,
Maximum Security Unit, ADC, et al.                                                       DEFENDANTS

**ORDER**

In May of 2013, Plaintiff filed this *pro se* § 1983 action alleging that Defendants violated his constitutional right to access the courts by: (1) limiting his access to the prison library; and (2) restricting his possession of legal publications and materials. Defendants have recently moved for summary judgment on that claim.

Plaintiff now seeks permission to amend his Complaint to add new claims that, on March 15, 2014, Sergeant Wiley and Captain Jackson wrongfully seized legal materials, writing supplies, and a religious text from his punitive isolation cell.[1] *Doc. 40.* Plaintiff believes that they did so to retaliate against him for filing this lawsuit.

Sergeant Wiley and Captain Jackson are not Defendants in this lawsuit. The access to the courts, freedom of religion, and retaliation claims Plaintiff seeks to raise

---

[1] Plaintiff is currently confined in punitive isolation for an unspecified duration for committing multiple disciplinary violations. *Doc. 47.*

against them are factually and legally unrelated to the claims currently pending against the Defendants named in this lawsuit. Thus, joinder of those new claims and defendants is improper. *See* Fed. R. Civ. P. 20 (a)(2) (explaining that claims against multiple defendants may be joined in one lawsuit only if the claims arise out of the same occurrence and involve common questions of law and fact). Additionally, Plaintiff cannot add his new claims because they arose in March of 2014, which was *ten months after he commenced this lawsuit* in May of 2013. *See Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) (explaining that a prisoner must complete the administrative remedy process as to each claim before he files a lawsuit in federal court). Thus, Plaintiff's Motion to Amend the Complaint is denied.

Plaintiff also seeks a preliminary injunction requiring prison officials to return his writing supplies and legal materials to his punitive isolation cell so that he can prepare his Response to Defendants' Motion for Summary Judgment. *Doc. 40.* However, Plaintiff admits that he can have those materials, as well as books from the prison library, delivered to his punitive isolation cell if he produces an Order demonstrating that he has a court imposed deadline to meet. *Doc. 40; Doc. 2* (ADC Admin. Dir. 12-24 § III (A) (5), (8), (9) and (17) (providing that prisoners in punitive isolation have access to the law library and writing materials if they demonstrate that they have a court deadline to meet). On this day, the Court has entered a separate

Order giving Plaintiff forty-five days to file his Response to Defendants' Motion for Summary Judgment. Plaintiff can use that Order to demonstrate that he has a court-imposed deadline to meet.

Additionally, every thirty days Plaintiff is released from punitive isolation for 48 hours. *Id., Doc. 47, Exs. 2 & 3*. During that relief period, Plaintiff can go to the prison library, and he has access to his legal materials and writing supplies. *Id.* Plaintiff will have at least one 48 hour relief period during the forty five days that he has been given to file his Response to Defendants' Motion for Summary Judgment. Thus, his request for preliminary injunctive is denied, as moot.

IT IS THEREFORE ORDERED THAT Plaintiff's Motion to Amend the Complaint and for Preliminary Injunctive Relief (*Doc. 40*) is DENIED.

Dated this 9th day of April, 2014.

_____
UNITED STATES MAGISTRATE JUDGE